21-570-cv
WGH Communications, Inc. v. Penachio Malara LLP

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of February, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             WILLIAM J. NARDINI,
                      *Circuit Judges*.

_____

WGH COMMUNICATIONS, INC.,

                 *Plaintiff-Appellant*,

          v.                                          21-570-cv

PENACHIO MALARA LLP, ANNE PENACHIO, BRONSON
LAW OFFICES, PC, HENRY BRUCE BRONSON,

                 *Defendants-Appellees*.

_____

Appearing for Appellant:     Richard Pu, New York, N.Y.

Appearing for Appellee:      Joseph Salvo, Gordon & Rees, LLP (Jared M. Mogil, *on the brief*), New York, N.Y. *for* Penachio Malara LLP and Anne Penachio.

                             H. Bruce Bronson J.R., Harrison, N.Y. *for* Bronson Law Offices, P.C. and Henry Bruce Bronson.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

WGH Communications, Inc. appeals from the February 12, 2021 judgment of the United States District Court for the Southern District of New York (Swain, *J.*) denying WGH's motion to file a second amended complaint and dismissing WGH's first amended complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

WGH argues that the district court's decision to deny its motion for leave to amend its complaint is erroneous. Federal Rule of Civil Procedure 15 provides that a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks). We generally review the denial of leave to amend for abuse of discretion, but where the determination is based upon a legal interpretation, de novo review is appropriate. *See Mortimer v. Off Shore Services, Ltd. v. Fed. Republic of Germany*, 615 F.3d 97, 114 (2d Cir. 2010). "It is well-established that '[o]ne good reason to deny leave to amend is when such leave would be futile,' specifically when 'the additional information d[oes] not cure the complaint.'" *Id.* (quoting *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)). We review a district court's denial of leave to amend on the ground of futility de novo. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

The parties agree New York law applies. In New York, to state a claim of legal malpractice, the plaintiff must allege that: (1) defendant was negligent; (2) defendant's negligence was the proximate cause of the claimed injury; and (3) plaintiff suffered "actual and ascertainable" damages. *Rubens v. Mason*, 387 F.3d 183, 189 (2d Cir. 2004) (citation omitted).

Here, it is undisputed that an attorney-client relationship existed at the time of the alleged malpractice and that missing the deadline to file an objection to a bankruptcy restructuring plan and failing to timely file an appeal would constitute negligence. The district court found amendment would be futile because WGH's proposed second amended complaint did not adequately plead causation. Causation requires a plaintiff to demonstrate that "it is more probable that the [complained of] event was caused by the defendant than that it was not." *Id.* at 189 (citation omitted). In a legal malpractice action, causation requires a plaintiff to adequately plead that but for defendant's alleged negligence, plaintiff would have prevailed in the underlying lawsuit. *See id.* at 190. Specifically, New York law requires that the plaintiff be able to meet the "'case within the case' requirement, demonstrating that 'but for' the attorney's conduct the client would have prevailed in the underlying matter. . . ." *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 780 N.Y.S.2d 593, 596 (1st Dep't 2004). Speculation alone is insufficient to establish causation. *See Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, LLP*, 750 N.Y.S.2d 277, 281 (1st Dep't 2002) ("[A] legal theory of causation cannot be sustained on surmise.").

In the underlying litigation, Cumulus, a radio broadcast operator, filed for protection from its creditors pursuant to Chapter 11 of the bankruptcy code (the "Cumulus Bankruptcy"). *WGH Commc'ns v. Penachio Malara LLP*, 19-CV-2230, 2020 WL 8513509, at \*1 (S.D.N.Y. Nov. 24. 2020), *report and recommendation adopted*, 2021 WL 535734 (S.D.N.Y Feb. 12, 2021). WGH held debt issued by Cumulus and hired defendants to represent its interest in the Cumulus Bankruptcy. *See id.* On March 7, 2018, defendants filed a proof of claim on behalf of WGH in the Cumulus Bankruptcy asserting that WGH was owed $5,050,000 with respect to the debentures. *See id.* WGH's argument on appeal is that defendants proximately caused WGH to lose $5.05 million because defendants failed to timely file an objection and appear at a related hearing regarding a restructuring plan ("the Amended Plan") in the underlying bankruptcy action on the basis that the Amended Plan violated the absolute priority rule. Further, WGH claims that, had defendants filed a timely appeal, the confirmation of the Amended Plan would have been vacated, and on remand, the bankruptcy court would have adopted a different plan that did not violate the absolute priority rule. Additionally, WGH complains defendants failed to seek a stay to prevent an appeal from becoming moot.

The district court properly held that WGH failed to plead sufficient facts to allow an inference that the Amended Plan violated the absolute priority rule, such that WGH could have prevailed below. The absolute priority rule provides that "a reorganization plan may not give 'property' to the holders of any junior claims or interests 'on account of' those claims or interests, unless all classes of senior claims either receive the full value of their claims or give their consent." *See In re DBSD N. Am., Inc.*, 634 F.3d 79, 88 (2d Cir. 2011) (quoting 11 U.S.C. § 1129(b)(2)(B)). Here, the proposed second amended complaint alleges that the Amended Plan violated the absolute priority rule by granting releases to Cumulus's owners and management worth $50 million. The district court found that WGH had not pled any specific facts about Cumulus's owners or management, what they were released from, or any facts to support the valuation of the releases at $50 million. *WGH Commc'ns*, 2020 WL 8513509, at \*6-\*7. Critically, WGH did not allege how its claim was prioritized, nor did it allege that any beneficiaries of the releases held claims junior to its claim.

We agree with the district court. WGH's proposed second amended complaint is futile because it does not adequately allege that the defendants proximately caused WGH's damages. The pleadings do not specifically allege that any junior creditors or equity holders had their claims satisfied. Without this necessary information, WGH's claim that defendants' failure to object based on the absolute priority rule is insufficient because WGH does not allege facts supporting an inference that any hypothetical objection would have been successful. WGH's argument that it would have received $5.05 million had its attorneys timely filed objections and the subsequent appeal and stay is baseless speculation. WGH has not alleged any facts giving rise to the inference that the defendants' negligence was the but for cause of its damages. As a result, the proposed second amended complaint cannot satisfy the "case within a case" requirement.

Finally, the district court properly denied the two new causes of action that WGH proposed adding to its second amended complaint—breach of fiduciary duty and breach of contract—, because the new causes of action were premised on the same facts as the legal malpractice claim and seek the same relief. *WGH Commc'ns*, 2020 WL 8513509, at \*7. Claims

that attorneys breached their fiduciary duty and breached a retainer contract are regularly dismissed as duplicative of legal malpractice claims if they arise from the same facts and circumstances and do not allege distinct damages. *See, e.g.*, *Keness v. Feldman, Kramer & Monaco P.C.*, 963 N.Y.S.2d 313, 315 (2d Dep't 2013) (dismissing legal malpractice claims then dismissing breach of fiduciary duty and breach of contract claims as duplicative and collecting cases).

We have considered the remainder of WGH's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk